UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| **DANA VANOVER,** | **CIVIL ACTION NO. 6:21-179-KKC** |
| **Plaintiff,** | |
| v. | **OPINION AND ORDER** |
| **APPALACHIAN REGIONAL HEALTHCARE, INC. PENSION PLAN,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Appalachian Regional Healthcare, Inc. Pension Plan's (the "Plan") motion for summary judgment. (DE 14.) For the following reasons, the Court GRANTS the motion.

**I.   Facts**

Plaintiff Dana Vanover brings this action pursuant to 29 U.S.C. § 1132(a),[1] seeking to recover disability retirement benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). (*See* Compl.) On June 25, 2019, the Plan's Pension Committee upheld the denial of Vanover's claim for disability retirement benefits in a denial letter, finding that he did not meet the Plan's definition of "Total Disability." (*Id.* ¶ 5; *see* DE 14-4.) On October 19, 2021, Vanover filed the instant action for judicial review of the Plan's decision. (*See* DE 1.) In his complaint, Vanover claims that he is entitled to disability retirement benefits under the Plan. (Compl. ¶ 6.)

---

[1] This is also referred to as Section 502(a) of ERISA.

1

In the version of the Plan effective as of January 1, 2013, Section 10.01 contains the following provision regarding amendments:

> Appalachian Regional Healthcare, Inc. or its successor reserves the right at any time and without the consent of other Employers, Members, active or retired, Spouses, Beneficiaries, Contingent Beneficiaries or any person or person claiming through them, by action of the Board of Trustees, to modify or amend, any Plan provisions . . .

(DE 14-2 at 48.) In 2019, Appalachian Regional Healthcare, Inc.—Vanover's employer who maintains the Plan—amended the Plan (the "2019 Amendment"). (*See* DE 14-3 at 2.) The header of the 2019 Amendment reads, "This is Amendment 2019-1 . . . to the Appalachian Regional Healthcare, Inc. Pension Plan . . . , as most recently amended and restated effective January 1, 2013, and further amended thereafter, which Amendment shall be **effective as of the dates indicated herein**." (*Id.* (emphasis added).) The 2019 Amendment's signature block states, ". . . the Board of Trustees of the Employer has caused this Amendment 2019-1 to be adopted **effective as of the dates set forth above**." (*Id.* at 4 (emphasis added).) The 2019 Amendment's date of execution is May 10, 2019. (*Id.*)

The 2019 Amendment contains four separate sets of amendments. The first amendment provides, in part, "Effective July 1, 2019, the heading text for Section 4.06 [Disability Retirement] is hereby amended in its entirety . . . " (*Id.* at 2.) As relevant here, the fourth amendment is as follows:

> Section 6.04 is further amended by adding the following new subsections at the end thereof, to be enumerated Subsection 6.04(e) - (g):
>
> **Section 6.04(e)  Period for Bringing Civil Action**. If, pursuant to the Plan's written claims procedure, the Pension Committee makes a final written determination denying a Claimant's benefit claim, the Claimant must file a civil action under Section 502(a) of ERISA not later than two years after the date of the Pension Committee's final written determination to preserve the claim.

(*Id.* at 3.) Unlike the first amendment, this amendment does not include an effective date.

2

The Plan moves for summary judgment, arguing that based on Section 6.04(e), Vanover's complaint is time-barred. (DE 14-1 at 4-6.)

## II.   Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden and must identify "those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citation and quotation marks omitted). All evidence, facts, and inferences must be viewed in favor of the non-moving party. *See McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "In order to defeat a summary judgment motion, . . . [t]he nonmoving party must provide more than a scintilla of evidence," or, in other words, "sufficient evidence to permit a reasonable jury to find in that party's favor." *Van Gorder v. Grand Trunk W. R.R., Inc.*, 509 F.3d 265, 268 (6th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

## III.   Analysis

ERISA does not contain a statute of limitations for the recovery of benefits under § 1132(a), so courts apply "the most analogous state statute of limitations" to these claims. *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 454 (6th Cir. 2009). However, "[c]hoosing which statute to borrow is unnecessary when the parties have contractually agreed on a limitations period[,] and that limitations period is reasonable." *Id.* (citation and quotation marks omitted). Parties may also contract for the date on which an ERISA claim accrues. *Id.* at 455-56.

Here, the applicable statute of limitations for Vanover's ERISA claim is the most analogous Kentucky statute of limitations,[2] unless the Plan contains a reasonable limitations period. The January 1, 2013 version of the Plan did not include a limitations period, but the 2019 Amendment modified the plan to add a two-year limitations period under Section 6.04(e). (*See* DE 14-3 at 3.) The Sixth Circuit has found that the most analogous Kentucky statute of limitations for § 1132(a) claims is five years under KRS § 413.120(2), which relates to "action[s] upon a liability created by statute." Ky. Rev. Stat. Ann. § 413.120(2); *see Redmon v. Sud-Chemie Inc. Ret. Plan for Union Emps.*, 547 F.3d 531, 537 (6th Cir. 2008). Therefore, the viability of Vanover's action comes down to whether Section 6.04(e) of the Plan applies to his claim. If Section 6.04(e) applies, then Vanover's claim fails because he did not file his lawsuit until October 19, 2021, more than two years after the Pension Committee issued its denial letter on June 25, 2019[3]. (*See* Compl. ¶ 5.) Inversely, if Section 6.04(e) does not apply, then Vanover's claim is timely under the five-year statutory limitations period.

In turn, whether Section 6.04(e) applies is based on the effective date of that particular modification. Vanover argues that Section 6.04(e) does not apply because it was not effective until July 1, 2019, <u>after</u> the Pension Committee issued its final determination of his claim. (DE 16-1 at 4.) The Plan's stance on the effective date of Section 6.04(e) is less clear—the Plan appears to contend that the effective date of Section 6.04(e) is either (1) July 1, 2019, by reference to Section 4.06 or (2) May 10, 2019, the date on which the 2019 Amendment was signed. (DE 14-1 at 4.) If the effective date is indeed July 1, 2019, then presumably, the

---

[2] Kentucky law governs the Plan. (*See* DE 14-2 at 52.)
[3] Parties do not dispute that the Pension Committee's denial letter contained its final written determination on Vanover's claim and was issued on this date. (*See* Compl. ¶¶ 5, 7; DE 14-1 at 2; DE 16-1 at 4.)

4

Plan's position is that Section 6.04(e) applies retroactively. Regardless, the Plan maintains that Section 6.04(e) governs Vanover's claim.

In construing an ERISA plan, courts "'take direction' from state law and general contract law principles." *Admin. Comm. of the Sea Ray Emps.' Stock Ownership & Profit Sharing Plan v. Robinson*, 164 F.3d 981, 986 (6th Cir. 1999). Courts interpret a plan according to its "plain meaning." *Id.* (quotation marks omitted). Similarly, under Kentucky law, an ERISA plan "must receive a reasonable interpretation consistent with the parties' object and intent or narrowly expressed in the plain meaning and/or language of the contract." *Secura Ins. Co. v. Gray Constr., Inc.*, 717 F. Supp. 2d 710, 715 (W.D. Ky. 2010) (citation and quotation marks omitted).

Looking at the 2019 Amendment's plain language, the introduction states that the "Amendment shall be **effective as of the dates indicated herein**." (*See* DE 14-3 at 2 (emphasis added).) The signature block includes similar language: ". . . the Board of Trustees of the Employer has caused this Amendment 2019-1 to be adopted **effective as of the dates set forth above**." (*Id.* at 4 (emphasis added).) However, the sole enumerated date in the 2019 Amendment is July 1, 2019, as found in the amendment to Section 4.06. (*Id.* at 2.) Specifically, that provision states, "Effective July 1, 2019, the heading text for Section 4.06 is hereby amended in its entirety . . . " (*Id.*) However, Section 6.04(e) does not similarly include an effective date. (*Id.* at 3.) The Court cannot reasonably interpret the July 1, 2019 effective date as carrying over from Section 4.06 to Section 6.04(e). The July 1, 2019 effective date is narrow—by Section 4.06's own terms, only the amendment to its heading text is effective as of July 1, 2019. Nothing in Section 4.06 indicates that the July 1, 2019 effective date is incorporated into the other amendments. Likewise, Section 6.04(e) does not reference the July 1, 2019 effective date at all.

Absent an explicit effective date, the Court will turn to general contract principles to determine the effective date of Section 6.04(e). A contract is presumptively effective "as of the date and time on which it was made." 17A C.J.S. *Contracts* § 497 (2023). "In the case of a written contract, the time when it is finally signed or executed . . . is ordinarily deemed to be the time when the contract becomes effective or binding, unless a different intent appears." *Id.*[4] Because the 2019 Amendment was executed on May 10, 2019, and Section 6.04(e) does not demonstrate an intent to the contrary, the Court will deem May 10, 2019, as the effective date of Section 6.04(e). Therefore, the Plan's two-year limitations period was in effect at the time that the Pension Committee issued its final written determination on Vanover's claim on June 29, 2019.

Having determined that Section 6.04(e) was in effect when Vanover's claim was denied, the Court must next decide if the two-year limitations period is reasonable.[5] Other district courts in the Sixth Circuit have found that a two-year contractual limitations period is reasonable. *See, e.g., Lamberts v. Priority Health*, No. 1:05-CV-807, 2006 WL 1008982, at *2 (W.D. Mich. Apr. 14, 2006) ("The Plan provides a limitations period of two years from the date of service or the receipt of notice that the claim has been denied for filing an action for benefits . . . The Court concludes that the two-year contractual limitations period is reasonable."). Our sister courts have also approved of contractual limitations periods as short as one year. *See D.S.S. v. Prudential Ins. Co. of Am.*, CIVIL ACTION NO. 3:20-CV-248-CRS,

---

[4] Various state and federal courts have relied upon this principle. *See, e.g., Bowen Eng'g v. Est. of Reeve*, 799 F. Supp. 467, 486 (D.N.J. 1992) ("Unless the parties understand otherwise, a contract speaks as of the date it was signed.") (citation and quotation marks omitted); *Bublitz v. State Bank of Alcester*, 369 N.W.2d 137, 139-40 (S.D. 1985) ("[T]he contract will be given effect as of the date it is executed[.]"); *Weltscheff v. Med. Ctr. of Indep., Inc.*, 597 S.W.2d 871, 876 n.2 (Mo. Ct. App. 1980) ("[T]he law raises a presumption that, in the absence of other provision of the instrument of agreement, the date the contract was subscribed . . . governs the obligations of agreement.").

[5] Vanover does not dispute the reasonableness of the two-year limitations period.

2020 WL 6877738, at *6 (W.D. Ky. Nov. 23, 2020) (stating that "case law suggests that a one-year limitations period following a final denial of benefits is reasonable" and collecting federal cases reaching the same conclusion); *see also Stallings ex rel. Est. of Stallings v. IBM Corp.*, Civil No. 08-3121(RBK/JS), 2009 WL 2905471, at *4 (D.N.J. Sept. 8, 2009) ("Other courts have found anywhere from 90 days, to 12 months, to 2 years and 90 days to be reasonable limitations periods."). In *Heimeshoff v. Harford Life & Accident Insurance Company*, the Supreme Court found that a plan's limitations period was reasonable, even when it would leave the claimant with only one year to file suit. 571 U.S. 99, 109 (2013). Based on this precedent, the Court finds that Section 6.04(e)'s two-year limitations period—an entire year longer than the limitations period that the Supreme Court found permissible—is reasonable.

Given that Section 6.04(e)'s two-year limitations period was in effect when the Pension Committee issued its final written determination on Vanover's claim and that limitations period is reasonable, Section 6.04(e) applies to Vanover's claim.

Nonetheless, Vanover objects to the application of Section 6.04(e) because the Plan did not give him notice of the limitations period.[6] (DE 16-1 at 5.) But he does not provide any authority that requires the Plan to provide such notice. Regardless, "[p]lan administrators and employers 'are generally free under ERISA, for any reason at any time, to adopt, modify, or terminate . . . pension benefit plans.'" *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 930 (6th Cir. 2014) (citing *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 508 (6th Cir.2004)).

Vanover also cites to the discovery rule, arguing that the "statute of limitations should only have accrued as such a time he was notified that there had been a change in the Plan

---

[6] In its denial letter to Vanover, the Plan provided him notice of his "right to file a civil claim under [§ 1132(a) of ERISA]." (DE 14-4 at 5.)

and there was a statute of limitations issue for how long he had to file the claim." (DE 16-1 at 6.) This misconstrues the nature of the discovery rule. In the ERISA context, the discovery rule provides that a claim accrues when "the plaintiff discovers, or with due diligence should have discovered, the *injury that is the basis of the action*." *Patterson v. Chrysler Grp., LLC*, 845 F.3d 756, 764-65 (6th Cir. 2017) (emphasis added) (citation and quotation marks omitted). For purposes of the discovery rule, what matters is when the plaintiff discovers (or should have discovered) that he has a claim, not when he discovers the appropriate statute of limitations. Here, Vanover's injury is the denial of disability retirement benefits. Under the Plan, "[a] Claimant must file a civil action under [§ 1132(a)] not later than two years after the date of the Pension Committee's final written determination to preserve the claim." (DE 14-3 at 3.). Vanover's claim accrued when the Pension Committee issued its final written determination, which undisputedly occurred on June 29, 2019. (*See* Compl. ¶¶ 5, 7; DE 14-1 at 2; DE 16-1 at 4.) Vanover does not otherwise assert any obstacles that prevented him from discovering the denial of his benefits as set forth in the June 29, 2019 denial letter. Accordingly, the discovery rule did not toll the statute of limitations for Vanover's claim.

Vanover had two years to pursue judicial review of his claim. Because he did not file his lawsuit before the limitations period expired, his claim is untimely. Therefore, the Court grants the Plan's motion for summary judgment and dismisses Vanover's complaint.

## IV. Conclusion

Accordingly, the Court hereby ORDERS as follows:

1. Defendant Appalachian Regional Healthcare, Inc. Pension Plan's motion for summary judgment is GRANTED (DE 14);

2. Plaintiff Dana Vanover's complaint is DIMISSED with prejudice;

3. The Court will enter a judgment consistent with this opinion; and

4. This matter is STRICKEN from the Court's active docket.

This 22nd day of February, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

9